JACOB RAUTH, PLAINTIFF *v.* WILLIAM B. DAVENPORT, AS EXECUTOR OF SAMUEL CARDWELL, JR., DECEASED, DEFENDANT.

*Landlord and tenant — a tenant remaining, because of the landlord's promise to repair, may recover damages resulting from his failure to do so.*

The property of a tenant had been damaged by rain from a defective roof which was under the control of the landlord, who promised to repair it properly, in consideration of which promise the tenant consented to remain in occupation of the premises. The roof was thereafter slightly and insufficiently repaired.

*Held,* that the tenant could recover, because of such promise, the damages resulting to him from a subsequent rain.

*Semble,* that where the roof of demised premises is under the control of the owner, and is maintained for the general benefit of its several tenants, such owner owes to the tenants the duty of keeping such roof in a reasonably safe condition, at least after notice that it is defective.

EXCEPTIONS of the plaintiff Jacob Rauth directed to be heard in the first instance at the General Term, after a dismissal of the complaint upon a trial had October 30, 1890, at the New York Circuit before the court and a jury.

*Albert I. Sire* and *Chauncey Shaffer*, for the plaintiff.

*Charles H. Otis*, for the defendant.

DANIELS, J.:

The plaintiff was the lessee of a store, situate in the building known as No. 325 Third avenue, in the city of New York, from the 1st of September, 1886, until the 1st of February, 1889. The lease was for the period of three years and eight months, but the premises were vacated by the plaintiff because of the condition of the roof of the building, by which the water passed through the story above, which was occupied by another person, into the store of the plaintiff, who was a pawnbroker, and wet and injured his goods. And the action was brought by him to recover the damages which, in this manner, were alleged to have been sustained. The building consisted of two stories and an attic, and neither of these occupants were under any obligation to repair or keep the roof in a sound and water-tight condition. The evidence given upon the trial by the plaintiff, and witnesses sworn in his behalf, was to the effect that, after the commencement of the term, and in August, 1888, the water passed through the roof down into the store, and that the testator and his agent, Mr. Reynolds, were notified of the fact and informed that in case the roof was not fixed the plaintiff would be bound to vacate the premises. His testimony is that he had then arranged to move at that time, and was about to do so, and that he told the testator that he was about to move, who replied to him that he should remain, that he was going to fix the roof. And said he would put it in a proper condition; that the plaintiff would not sustain any more damage, even if he had to put on a new roof. And upon that promise the plaintiff stated that he consented to and did remain in the occupancy of the store. But instead of placing the roof in a water-tight condition, slight repairs appear to have been made to it, in no manner preventing the water from passing through the roof

in rainy weather. And that a heavy storm afterwards following, and in or about the month of November, 1888, the water passed from the roof through the second story into the store in such quantities as to seriously wet and injure the plaintiff's property, and that the accumulation was so great that the goods could not be placed where they would be protected from the water. This condition of affairs is also stated to have been reported to the agent of the testator, who again promised to put the roof in repair. But that was not done, and the plaintiff was finally obliged by a repetition of the injury to abandon his possession of the store.

After this evidence had been given, and proof had been added of the extent of the injury suffered by the plaintiff, an application was made to dismiss the complaint, and that disposition was made of it by the court at the trial. It was considered that neither this state of facts nor the additional fact that the testator repaired the premises from time to time, nor the covenant for quiet enjoyment which was in the lease, were sufficient to impose upon him the obligation to put this roof in a reasonably fair and secure condition. And upon the effect of *Doupe* v. *Genin* (45 N. Y., 119) the dismissal of the complaint was directed. But that case in its leading facts is so entirely different from the circumstances *which have just been mentioned*, and which the jury were at liberty to find to have been established by the proof, as to render it wholly inapplicable to this controversy. The claim there made was that the landlord was obliged to rebuild or repair premises, which had been injured by fire, for the benefit of his tenant. But the court held that no obligation of that description existed. There was nothing said or intimated in the case which would relieve the landlord from liability under circumstances of the description of those which this evidence tended to support. The roof of the building was under the entire control of the testator and his agent. It was no part of the premises leased to the plaintiff, or the tenant of the story above. And it was maintained clearly for the general benefit of the occupants of the building under the control and management of the testator. And that would seem to be sufficient to impose upon him the obligation of maintaining the roof in a reasonably safe condition for the benefit not only of the plaintiff alone, but of the other occupants of the building, who were equally affected by the passage of

the water from it through their apartments, down into the store. (*Alperin* v. *Earle*, 27 N. Y. St. Rep., 806.)

But the right of the plaintiff to maintain the action is not dependent upon the existence of such an obligation arising out of the control of the roof for the benefit of the tenants by the landlord, for he was notified that the plaintiff was about to leave the premises because of the unsafe and injurious condition of this roof. And to prevent that occurrence he promised to put it in repair. And that promise was stated to have been repeatedly made both by himself and his agent, Mr. Reynolds. Upon the faith and expectation of its observance the plaintiff remained in the use and occupancy of the store. To induce him to do so was the object of the promise itself. And his consent to, and the fact that he did afterwards, remain, was a consideration supporting this promise on the part of the landlord and the landlord's agent. It was placing the plaintiff in a position of risk and danger to his property, against which he accepted the assurance of the landlord that the roof should be placed in a secure condition. And under the case of *Vann* v. *Rouse* (94 N. Y., 401) that would seem to be sufficient to impose the observance and faithful performance of this obligation upon the landlord. There the premises were flowed with water from other parts of the building owned by the landlord and under his control, and were thereby made untenantable. And this was held to be sufficient to justify the tenant in vacating the premises and to justify his surety in resisting the payment of rent. It was there added " that the tenants were justified in abandoning the premises, and that they did sustain damages by reason of the plaintiff's omission to keep in order water pipes and closets in rooms under his control, after notice that they were defective and causing injury to the plaintiff. He might have been held liable for a breach of covenant for quiet enjoyment which the law implies in a lease of that kind, * * * or for failing to keep his promise after notice to remove the cause of damage." (Id., 407.) This is a plain recognition of the obligation, on the part of the landlord, to observe and fulfill a promise made by him to his tenant under circumstances of this description. And of his liability for damages caused by his omission to perform. And the cases of *Henkel* v. *Murr* (31

Hun, 28) and *Marsh* v. *Chickering* (25 id., 405), follow the same principle.

The complaint sufficiently presented this phase of the plaintiff's case to entitle the proof to be received as it was upon the trial, for it was alleged that the roof was under the control of the testator, and that he exercised that control in such a careless and negligent manner as to permit the water to leak through the roof and pass into the plaintiff's premises and thereby injure and destroy his goods. The duty had been assumed by himself, and the proof would have warranted the jury in concluding that he had negligently omitted to perform that duty, And with those facts established, and the injury which was sustained by the plaintiff, he would be entitled to recover in the action.

The verdict should, therefore, be set aside and a new trial ordered, with costs to the plaintiff to abide the event.

Van Brunt, P. J., concurred.

Verdict set aside and a new trial ordered, with costs to the plaintiff to abide event.