ARTHUR M. ROSE and Another, Respondents, *v.* JACOB D BUTLER, Appellant.

*Breach of a lessor's covenant to repair — measure of damages — leaving goods exposed to rain — lease exempting the lessor from liability for damage by water.*

The measure of damages, in an action brought by a lessee against his lessor, to recover the damages resulting from a breach of a covenant to repair, whereby goods of the lessee on the demised premises were injured by rain, is the difference in value of the use of the premises as they were and as they would have been if the lessor had kept his agreement to repair.

If a tenant elects to leave his goods, which he knows water will damage, in a place on the leased premises where he has reason to believe rain will beat in in case of a storm, he does it at his own risk and must suffer the consequences.

*Semble,* that under the following clause in a lease — " Said lessor shall not be liable for any damage to any property, at any time, in said premises, from the Croton or other water, rain or snow, which may leak into, issue or flow from any part of said building of which the premises hereby leased are part, or from the pipes or plumbing works of the same, or from any other place or quarter " — the lessee takes the risk of all damage from water.

APPEAL by the defendant, Jacob D. Butler, from a judgment of the Supreme Court, entered in the office of the clerk of Westchester county on the 24th day of October, 1892, upon a verdict in favor of the plaintiffs, rendered at the Westchester Circuit, and from an order denying the defendant's motion for a new trial, made upon the minutes.

The action was brought by Arthur M. Rose and William R. Rose, partners in the business of designing, under the firm name of A. M. Rose & Co., tenants of certain rooms in a building in New York city, to recover from the defendant, their lessor, damages alleged to have been suffered by them through a breach, by the defendant, of the following covenant in their lease : " If said premises shall be so slightly injured by fire or the elements as not to be rendered unfit for occupancy, then the said lessor agrees that the same shall be repaired with all reasonable promptitude."

The property alleged to have been damaged consisted of water-color designs on paper, for carpets, curtains, wall papers, etc. The evidence showed that on January 21, 1892, a fire occurred in a building next to that occupied by the plaintiffs, which had the effect of cracking the glass in a skylight in the defendant's building

over the plaintiffs' rooms. While the glass was in this condition, and on the twentieth and twenty-first of February, one month after the fire, a rainstorm occurred which beat in through the skylight and damaged designs in the plaintiffs' rooms. The plaintiffs had not made any complaint of water coming through the cracked glass before this storm, and the glass had not opened before that. It appeared that the defendant's building had been left in the condition caused by the fire pending investigation and settlement of the loss by an insurance company.

The trial court left it to the jury to say whether, under all the circumstances in the case, the defendant's delay in repairing the skylight was reasonable or not, and whether the damage to the designs was not caused by the negligence of the plaintiffs in leaving them out on racks instead of placing them in drawers and cases which were in the rooms, and charged the jury as follows upon the question of damages:

" Upon the question of damages there is a great deal of controversy. It is the claim of the plaintiffs that these designs, such as they expose to you, were worth, some of them $150, some $75, and so on, the estimate of which you heard, amounting in all to over $700. They exposed them to you and pointed out the injuries upon the paper, as I understand, and both of them said, I think, that they were not capable of restoration, could not be restored. Then the defendant called a gentleman, who professed to understand his business, who seemed, as far as I could see, to be familiar with it, and he said to you, after a thorough examination, that they could all be restored, or they could be renewed. In some one or two instances he said to you that the restoration would cost less. time and labor than to make new ones ; in others he said a new one. could be made. That is the testimony for you to take into consideration ; you take the estimate of the plaintiffs and then that of the defendant, upon the question of damages. Of course you must see,, if you decide all the other questions which I have submitted to you against the defendant, and if so, you are to say how much these plaintiffs have been injured, how much damage they have sustained by the injury to these water colors, by the water, and if you find for the plaintiffs, then you are to make your verdict up in that way."

The jury rendered a verdict for the plaintiffs in the sum of $765.

The eighth clause of the plaintiffs' lease is as follows:

"Said lessor shall not be liable for any damage to any property, at any time, in said premises from the Croton or other water, rain or snow, which may leak into, issue or flow from any part of said building of which the premises hereby leased are part, or from the pipes or plumbing works of the same, or from any other place or quarter."

*Close & Robertson*, for the appellant.

*James M. Hunt*, for the respondent.

PRATT, J. :

This is an appeal from a judgment entered upon a verdict of a jury and from a motion denying a new trial upon the minutes.

There seems to have been no error committed upon the trial except in the instructions as to the rule of damages.

We think the rule which the court was requested to charge, to wit, " That if the plaintiffs are entitled to recover at all, they can only recover the difference in value of the use of the premises as they were and as they would have been if the defendant had kept his agreement," was the correct one and should have been charged.

It is very clear that the verdict is excessive even assuming that the rule charged is true.

It seems that after the storm and after plaintiffs knew the full extent of the damage they had suffered, they fixed the amount at about $400, and, without some explanation upon their part, they ought to have been confined to that sum.

Again, the evidence is very unsatisfactory as to the elements of damage that should be taken into consideration, but it is unnecessary to discuss that part of the case.

It is plain that plaintiffs knew as well, if not better than the defendant, the condition of the roof after the fire, and the hazard of leaving their designs in a position to be damaged in case of a recurrence of a storm. If they elected to leave their property, which they knew water would damage, in a place where they had reason to believe that the rain would beat in in case of a storm, they did it at their own risk and must suffer the consequences. *Cook* v. *Soule*, 56 N. Y. 423.

: Such injuries as are here complained of could not reasonably have been contemplated by the parties when the lease was made.

Again, it may be said that under the eighth clause of lease the plaintiffs took the risk of all damage from water.

The judgment must be reversed and new trial ordered, costs to abide the event.

BARNARD, P. J., concurred; DYKMAN, J., not sitting.

Judgment reversed and new trial granted, costs to abide event. .