(23 Misc. Rep. 632 )

· LICHTIG v. POUNDT.

(Supreme Court, Appellate Term. June 6, 1898.)

1. LANDLORD—COVENANT TO REPAIR—BREACH.
    A landlord's covenant to keep in repair the roof of a demised building cannot be made the basis of an action for damages for injuries to the tenant's property through a leakage of water due to a failure to repair.

2. SAME—LIABILITY FOR DEFECTS.
    Where the ground floor of a building leased for a store includes a one-story extension, the roof of the extension is a part of the demised premises, and the landlord is no more responsible for its safe condition than for that of the side and end walls.

Appeal from Eighth district court.

Action by Ignatz Lichtig against Sophia E. Poundt. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

George W. McAdam, for appellant.
Benno Loewy, for respondent.

BEEKMAN, P. J. This action was brought to recover damages for an injury to property alleged to have been caused by the negligence of the defendant. The latter was the owner of the premises

No. 482 Eighth avenue, in the city of New York, and about the 1st day of October, 1896, leased a portion of the same, consisting of the basement and store floor, to the plaintiff. In the rear of the store, and forming a part of the demised premises, was a one-story extension, about 20 feet in depth. There was no other structure or story above this extension, which was covered over by a roof, in the center of which was a skylight. On the 10th day of June, 1897, a large amount of water, apparently coming from the roof of the extension, passed into the plaintiff's store, damaging certain goods of his which were situated in the extension. The complaint, which is in writing, avers that the injury was caused by the negligence of the defendant in permitting "the roof of said store and basement to become old, rotten, and leaky, and insufficient to withstand rain, water, and moisture which may descend upon it." The answer interposed was a general denial. The action having been tried, the justice below awarded judgment in favor of the plaintiff, and it is from this judgment that the appeal is taken.

It is contended by the defendant that the action cannot be maintained, in view of the fact that the roof of the extension formed a part of the demised premises, and that, even assuming that the landlord was under an obligation to repair the same, an action would not lie to recover damages, such as are here complained of, for a failure to perform such agreement. Schick v. Fleischhauer, 26 App. Div. 210, 49 N. Y. Supp. 962. The counsel for the plaintiff, however, disputes the fact that said roof was covered by his lease; claiming that he had no control over it, nor access to it, and that the landlord had assumed the care of it. It is claimed that the case is similar to those in which the courts have held that the landlord is responsible to his tenants for defects in hallways and staircases occasioned by his negligence; but in all of those cases the landlord's liability was predicated upon the fact that such places did not form part of the demised premises, but continued under his control, with an associated duty, arising out of the purpose for which they were intended and used, to see that they were reasonably safe. In the case at bar the roof of the extension existed for no other purpose whatsoever than as an inclosure of the extension. It formed a part of the extension, and was essential to its existence and use for the purpose for which it was constructed, so that in leasing it the roof in question formed as much a part of the demised premises as the side and end walls which completed the inclosure; all equally contributing to the inclosure which gave existence to the subject-matter of the demise. I think, therefore, that the case comes within the rule laid down in Schick v. Fleischhauer, supra, and that the complaint should therefore have been dismissed.

But, if I am mistaken in this, I am still of the opinion that the plaintiff was not entitled to judgment on the facts. There was no evidence whatsoever in the case showing that there was any defect in the roof, which was the proximate cause of the injury complained of, for which the defendant could be held responsible. It was not shown that there was any hole, crack, or crevice in the roof, as alleged in the complaint; and what it was that caused the flood, as it was de-

scribed, to enter the premises of the plaintiff, was a matter of pure conjecture. There was some evidence in the case tending to show that the leader from the roof of the extension had become stopped up, by reason of some foreign substances which had in some way got in it; and the theory of some of the witnesses with respect to the cause of the occurrence, about which they were allowed to speculate with great freedom, was that the water accumulating upon the roof could not pass off, owing to the stoppage in the leader, and, continuing to rise, at length reached the top of the skylight, and in that way entered the premises in question. But, as I have said, this was purely a matter of speculation on their part. Assuming, however, that this was the cause of the injury, it does not appear that the landlord was in any way responsible for the stoppage of the leader, or that she had at any time notice that such was its condition. Furthermore, the plaintiff has not, in his complaint, assigned this as a ground on which he claims that the defendant was negligent. The plaintiff has failed to produce any evidence whatsoever of any specific defect in the roof, but seems to rest his case upon a presumption that, because the accident took place, it must have been by reason of a defect in the roof, for which the landlord must be regarded as responsible. No such presumption, however, arises in such a case as this. He had it in his power to produce a witness who could have thrown some light upon the causes of the occurrence, but he failed to do so. According to his own evidence, on the day in question he sent his own plumber to the roof of the extension, for the purpose of remedying the evil, and there is evidence tending to show that he was successful; but what it was that he discovered there, or what he did, in no way appears, beyond a statement made by one of the witnesses of the defendant, that in a conversation with the plaintiff the latter informed him that the difficulty was in the pipe, and showed him a piece of old broom and some glass, which he stated the plumber had taken therefrom. The testimony offered on the part of the defendant showed that the roof upon the extension was new, having been constructed some seven or eight months before the occurrence; that it had been properly constructed, and was sound, and in all respects in good order and condition. This was not contradicted by any witness produced by the plaintiff who had seen, or made any examination whatsoever of, the place. After a careful examination of the record, I am unable to discover sufficient evidence of negligence on the part of the defendant to support a recovery in this action,—certainly nothing to support a finding that there was the slightest preponderance of proof in favor of the plaintiff. The judgment should therefore be reversed.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.