## REINER v. JONES.

(Supreme Court, Appellate Division, Second Department. March 7, 1899.)

1. LANDLORD AND TENANT—COVENANT TO REPAIR—RECOVERY FOR DAMAGE TO GOODS—NOTICE.

A landlord's breach of his covenant to repair the roof of the demised premises does not authorize the tenant to recover for injury inflicted on his goods by the weather, he knowing for months of the roof's leaky condition.

2. SAME—EVIDENCE.

A tenant was not, in an action for rent, entitled to deduct for expenses of repairs, where the proof did not show how much of a sum expended for repairs of two buildings was spent on the building in suit.

3. AMENDMENTS—DISCRETION OF COURT.

Denial of a motion for leave to amend, after motion for verdict, is within the court's discretion, and not ground for reversal.

4. JUDGMENT—RES JUDICATA.

Where, in an action for rent, defendant counterclaimed for damages to his goods from a leaky roof, and that only was litigated, he could afterwards assert claims for lessened rental value and expenses incurred from the same cause.

Appeal from trial term, New York county.

Action by Emma Reiner against Robert Owen Jones. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

John Jeroloman, for appellant.
James W. Hyde, for respondent.

WILLARD BARTLETT, J. The plaintiff sued for rent. The defendant interposed a counterclaim for damages alleged to have been sustained by reason of the plaintiff's breach of her covenant to repair the roof of the demised premises. The averment in the answer was that such damages were occasioned by "the rain coming through the roof thereof into the store of the defendant in rainy weather, and upon his goods, wares, and merchandise therein contained." At the close of the evidence the learned trial court, on the authority of Schick v. Fleischhauer, 26 App. Div. 210, 49 N. Y. Supp. 962, directed a verdict in favor of the plaintiff for the full amount of the rent sued for; thus, in effect, holding that the defendant could not maintain his counterclaim for the damages suffered by his goods in consequence of the leaky condition of the roof.

I think that the lease, under a fair construction of its language, obligated the landlord to keep the roof in repair, and that this obligation embraced the roof of the extension as well as the roof of the principal building. The proof established a breach of the covenant,

and the direction of a verdict in disregard of the counterclaim evidently proceeded on the theory that a landlord's failure to perform his covenant to repair does not authorize a recovery by the tenant on account of injury inflicted upon his goods by the weather in consequence of the defective condition of the premises. The case cited as authority for the action of the trial court related to personal injuries inflicted upon a tenant by the fall of a ceiling which the landlord had undertaken to repair; and it was there held that a contract to repair does not contemplate, as damages for the failure to keep it, that any liability for personal injuries shall grow out of the resulting condition of the building. Schick v. Fleischhauer, supra. The learned trial judge assumed that a like rule applied in the case of damage to personal property kept upon the premises; and there is authority to that effect. Dorwin v. Potter, 5 Denio, 306, approved in City of Brooklyn v. Brooklyn City R. Co., 47 N. Y. 482. But, even if the law made the landlord ordinarily liable for injury to the tenant's personal property in such cases, the circumstances of this particular case precluded any recovery or the maintenance of a counterclaim on account of the damage done by the rain to the defendant's goods. The defendant himself testified that he knew of the condition of the leaky roof and skylight months before the time when his goods were injured. "A tenant whose landlord has agreed to put the premises in repair, but has failed to do so, knowing that his property will be exposed to injuries from storms, or otherwise endangered, if left upon the premises, has no right to take the hazard; and if he does, and his property is injured, he cannot recover of the landlord therefor." Cook v. Soule, 56 N. Y. 420. The defendant's measure of damages in a case like the present would seem to be the difference between the rental value of the premises as they were and the rental value thereof as they would have been if repaired in accordance with the landlord's covenant; or, if the tenant had actually made the stipulated repairs himself, he could recover or recoup the necessary expenditure in making such repairs. Thomson-Houston Electric Co. v. Durant Land Imp. Co., 144 N. Y. 34, 47, 48, 39 N. E. 7. The defendant herein did prove that he had expended $45.64 for repairing roofs, but a portion of the work thus paid for was done upon a neighboring building, not belonging to this plaintiff, and the evidence did not show how much was spent upon the roof of the plaintiff's premises. The proof was not sufficiently definite, therefore, to permit any deduction from the rent on the theory that the defendant was entitled to counterclaim the expense of repairs actually made by him. He might, however, have recouped the damage to the rental value of the premises by reason of the breach of the landlord's covenant to repair, under an answer alleging such damage. But the counterclaim set up in the answer was based solely upon injury to the defendant's goods, and the bill of particulars related only to damages of this description. Accordingly, the trial judge was of the opinion that under the pleadings the defendant was not at liberty to prove rental damage, and in this view the counsel for the defendant apparently acquiesced, for he took no exception. He did, however, at the end of the trial, and after he had asked the court to direct a verdict in favor of the defendant, move to be allowed to amend the

answer "by setting up the damages that we have sustained by reason of the condition of those premises as to their rental value." This motion was denied, and the defendant excepted. While I think the amendment (which defendant's counsel had applied for earlier in the case, without obtaining any ruling upon his request) might well have been allowed, the denial of the motion was so far discretionary that it does not constitute ground for reversal. From what has been said, it will be perceived that, as the case stood at the close of the evidence, the court was justified in ignoring the counterclaim,.and directing a verdict for the month's rent claimed. The record before us, however, leaves no doubt that the only counterclaim in behalf of the defendant which was litigated in this action was a counterclaim for damage to his goods, and that the judgment should in no wise conclude him from hereafter asserting any other claim which he may have arising out of the lessened rental value of the premises, or out of his expenditures for actual repairs which the. landlord ought to have made. This should be left available to him, either by way of recoupment in any further suit for rent, or by an independent action against his landlord. The defendant's rights in this respect may be preserved by affirming the present judgment without prejudice to such claim.

Judgment and order affirmed, with costs, but without prejudice to defendant's claim against the plaintiff for rental damage or actual and necessary expenditures for repairs. All concur.