### KLAUSNER v. HERTER et al.

(City Court of New York, General Term. December, 1901.)

1. LEAKY ROOF—DAMAGES TO GOODS—LIABILITY OF LANDLORD.

　　Where there was no agreement by a landlord to repair a leaky roof,. he is not liable for damages to the tenant's goods, caused by water leak- ing through such roof.

**2. SAME—TENANT'S KNOWLEDGE OF DEFECT.**
> Where a tenant. knowing that a roof was in a leaky condition before his goods were injured by water, left them in the building, he took·the risk of such injury upon himself, and cannot recover of his landlords therefor.

Appeal from special term.

Action by Heyman Klausner against Rosamond Herter and another. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before FITZSIMONS, C. J., and SCHUCHMAN, J.

Morris Cukor, for appellant.

John F. Coffin, for respondents.

SCHUCHMAN, J.  The action was brought to recover the sum of $370 damages for injuries to certain dry goods belonging to the plaintiff, which were partially damaged by water leaking through an extension roof.  The plaintiff bases his claim on the ground that the defendants, the landlords, had promised and agreed to keep and maintain the premises, and particularly the roof, in a good, safe, and proper condition, and in good repair, and that it was their duty to do so, and that by their neglecting to perform their agreement or duty the plaintiff's goods were injured.  There is no evidence whatsoever that the landlords agreed to repair the roof, and in the absence of an express agreement or covenant the landlord is under no obligation to repair.  Bronner v. Walter, 15 App. Div. 295, 44 N. Y. Supp. 583. No duty rests upon the landlord to repair the premises, except such as may be created by the agreement of the landlord so to do.  Schick v. Fleischhauer, 26 App. Div. 210, 49 N. Y. Supp. 962.  Furthermore, the plaintiff knew that the roof was in a leaky condition before the goods were injured, and, leaving his goods there with such knowledge, took the risk upon himself, and cannot recover of the landlords therefor.  Reiner v. Jones, 38 App. Div. 441, 56 N. Y. Supp. 423; Cook v. Soule, 56 N. Y. 420.  Judgment appealed from affirmed, with costs.

Judgment affirmed, with costs.

FITZSIMONS, C. J., concurs.