## MARGOLIUS v. MULDBERG.

(Supreme Court, Appellate Term. June 23, 1904.)

1. **LANDLORD AND TENANT—REPAIRS—DUTY OF LANDLORD.**

    In the absence of a contractual relation between a landlord and a subtenant, the landlord was under no obligation to repair the roof over the part of the building occupied by such subtenant, which was not a part of the roof which protected the landlord's tenants of the building generally.

2. **SAME—INJURIES TO GOODS—CONTRIBUTORY NEGLIGENCE.**

    Where a subtenant had knowledge that water came through the roof whenever it rained, for more than four months, and, with such knowledge, exposed his goods to risk of damage by leakage until the damage complained of occurred, he was guilty of such contributory negligence as precluded his recovery therefor from the landlord.

3. **SAME—NEW TRIAL—NEWLY DISCOVERED EVIDENCE.**

    In an action against a landlord for damages to the goods of a subtenant by reason of the defective condition of the roof of the building, an affidavit by plaintiff for a new trial on the ground of newly discovered evidence of a witness by whom it was expected to prove that defendant had knowledge of the defective condition of the roof in question, and alleging that neither plaintiff nor his witnesses had knowledge of the existence of such witness until after the trial of the action, was insufficient, since it did not show the exercise of reasonable diligence, nor promise the production of testimony which was not cumulative or of an impeaching character.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Pincus Margolius against Morris Muldberg. From a Municipal Court order granting a new trial after dismissal of the complaint for failure of proof, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and SCOTT. JJ.

Marks & Marks, for appellant.

Max Solomon and Samuel Plumer, for respondent.

MacLEAN, J. The plaintiff, a subtenant under a lessee of, and in possession of, certain premises of the defendant,· brought this action to recover for alleged damages to his goods from rain water coming through the roof of the extension, of which he was the sole occupant. His complaint was dismissed when he rested, and rightly, because the owner, in the absence of contractual relation, was under no obligation to keep in repair the particular roof of a part, not for the protection of the tenants generally, but solely for the plaintiff (Lichtig v. Poundt, 23 Misc. Rep. 632, 52 N. Y. Supp. 136), and because of the negligence of the plaintiff, who, though knowing for months from . July on that water came through the roof .whenever it rained, exposed his goods to the risk of damage until this happening complained of, in October (Reiner v. Jones, 38 App. Div. 441, 56 N. Y. Supp. 423).

This dismissal was thereafter set aside by the learned justice, and a new trial granted, upon a motion so to do, because of errors in

¶ 2. See Landlord and Tenant, vol. 32, Cent. Dig. § 662. ·

law and because of newly discovered evidence. This was error. No errors in the reception or inclusion of material evidence, or other errors in the ruling during the trial, are pointed out, or are observable in the case. No showing of newly discovered evidence sufficient to excuse again occupying the time of the court or delaying other suitors is exhibited in the moving affidavit—that of the attorney, who deposes that plaintiff has discovered a new and important witness, "who knows of his own knowledge that defendant had knowledge. of the defective condition of the roof in question; that your deponent is informed by the plaintiff herein, and verily believes same to be true, that it was impossible to have produced such witness on the trial of this case, because neither the plaintiff nor his witnesses had knowledge of the existence of the said witness until after the trial of this action." This not only comes short of showing exercise of reasonable diligence, but also fails to promise the production of testimony other than cumulative or tending to impeach witnesses, for neither of which purpose may a new trial be granted. The order setting aside the dismissal and granting a new trial should be reversed.

Order setting aside dismissal of the complaint and granting a new trial reversed, and judgment of dismissal affirmed, with costs. All concur.