(114 App. Div. 857)

## WEINBERG v. ELY.

(Supreme Court, Appellate Division, Second Department.  July 24, 1906.)

LANDLORD AND TENANT—INJURY TO TENANT'S GOODS—FAILURE TO REPAIR—LIABILITY OF LANDLORD.

    A lease provided that if the building should be damaged by fire repairs should be made at the landlord's expense.  A fire occurred and destroyed the roof.  The landlord was notified at once, but neither he nor the tenant made any repairs.  Six days later a heavy rain damaged the tenant's goods.  *Held*, that the landlord was not liable therefor, as it was the tenant's duty to protect his goods or make repairs himself at the landlord's expense.

    [Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Landlord and Tenant, §§ 540, 649.]

Appeal from Trial Term, Richmond County.

Action by Pesach Weinberg against Smith Ely.  From a judgment in his favor, and an order denying his motion for a new trial, plaintiff appeals.  Affirmed.

The action was for damages to a tenant by breach of contract to repair by a landlord.  The defendant let an entire building of five stories to the plaintiff's assignor by a written lease for a term of three years.  The

lease provided that if the building "shall be partially damaged by fire the same shall be repaired as speedily as possible at the expense of the party of the first part" (the lessor), and that if the damage should be "so extensive as to render the building untenantable," the rent should cease until the building was repaired. The tenant occupied the building for business purposes. A fire entirely destroyed the roof, and also burned holes through every floor. Next day the tenant notified the landlord of the damage to the building. The fire was on February 15th, and on February 21st there was a heavy rain which damaged the tenant's goods in the building. Neither landlord nor tenant had made any repairs in the meantime.

The court excluded all evidence of damage to the tenant's goods by the rain. The plaintiff thereupon asked to withdraw a juror. The court refused, and directed a verdict for the plaintiff for six cents. The plaintiff offered evidence of no other damage.

Argued before HIRSCHBERG, P. J., and WOODWARD, HOOKER, and GAYNOR, JJ.

Abraham B. Schleimer, for appellant.

Henry W. Simpson, for respondent.

GAYNOR, J. Counsel for the appellant persisted on the argument in criticising the summary disposition of the case by the learned trial judge as arbitrary, and the like. Such criticism was unfounded and out of place. It was for the tenant to protect his goods after the fire by covering them, moving them out, or by making the repairs himself at the landlord's expense. The law did not tie his hands. The law is not that he could neglect his goods, and recover of the landlord for damage done to them by the landlord's neglect to repair. Cook v. Soule, 56 N. Y. 420. Nor did the lease bind the landlord to repair; it only provided that the repairs should be done at his expense.

The judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur.