## Guynn v. Tremont Hotel Company.

[No. 10,337. Filed January 6, 1921. Rehearing denied April 5, 1921. Transfer denied May 20, 1921.]

Landlord and Tenant.—*Covenant to Repair.—Breach.—Right to Recover.*—A landlord's breach of his covenant to repair the roof of the leased premises does not authorize a recovery by the tenant for damages inflicted on the furnishings, where he knew for years of the leaky condition but made no effort to protect his goods, and made no claim for damages until sued for possession for nonpayment of rent.

From Wabash Circuit Court; *Milo Feightner*, Special Judge.

Action by Katherine M. Guynn against the Tremont Hotel Company. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*D. F. Brooks*, for appellant.

*A. H. Plummer, Walter G. Todd, F. W. Plummer* and *B. F. Watson*, for appellee.

NICHOLS, J.—The complaint in this action was for the recovery of the possession of real estate because of the non-payment of the rent. There was an answer in denial and a counter-claim setting up a breach of the covenants of the lease, to the effect that appellant should at all times maintain the roof on the building and make certain repairs, and permanent and lasting improve-

ments, the breach of which covenant resulted in damage to appellee, for which damage appellee seeks to recover and by reason of which appellee claims that there is no rent due appellant.

Appellant filed a motion to strike out the counter-claim which was overruled, and thereupon filed a demurrer thereto, which was also overruled. Each of these rulings is assigned as error.

It appears in the complaint that the lease was for ten years and commenced in the year 1908, and by the counter-claim that, except in one year, the roof leaked every time there was a rain and destroyed the walls, beds, bedding and carpets, and that appellee was required to make repairs because of such leaks, and at times was not able to let rooms to patrons; that it had notified appellant to repair the roof, and that she had attempted to repair it, but never succeeded in making it waterproof, and that by reason of leaks, appellee was required to rent rooms for its help and was required to employ additional help to care for the interior of the building. There was a bill of particulars commencing with 1908, the date of the lease, containing the charges for loss to rooms, labor for cleaning rooms, for paper hanging, painting, loss of meals, loss of bedding, carpets and similar statements for each year, except the one during the time appellee occupied the building. There is also an averment that appellant had agreed to keep the front of the building painted, but that it had not been painted for six years, and had become unsightly, thereby depreciating the rental value. It appears by the pleadings that the rent, which was payable monthly, had been paid until June, 1917, but it does not appear that any claim was ever made for any damages, until by way of the counter-claim when suit for possession was commenced. In *Hendry* v. *Squier* (1890), 126 Ind. 19, 25 N. E. 830, the action was for rent due and unpaid, in

which action the tenant filed a counter-claim for damages to goods because of a leaky roof. As in the instant case, the tenant knew of the leaky condition, but failed to make repair, and permitted his goods to remain in the building until damaged. The court held that it would be manifestly unjust to hold that even where a landlord had contracted to make all necessary repairs, the tenant might permit his goods to so remain beneath a leak in the roof which it would cost but a trifle to repair, and which, if left out of repair, would cause large damage to his goods, and subject the landlord to the payment of such damages.

In *Hamilton* v. *Feary* (1894), 8 Ind. App. 615, 52 Am. St. 485, 35 N. E. 48, after citing and discussing the case of *Hendry* v. *Squier, supra,* and other cases, the court says on p. 623, "Under the principle that it is his duty to reduce the damages as much as reasonably lies in his power to do so, he could not be permitted to allow the defect in the premises to remain, being himself fully cognizant of the same, and then sue for the accident resulting from the dangerous condition of the property."

In *Rose* v. *Butler* (1893), 69 Hun. 140, 23 N. Y. Supp. 375, it was held that in an action against a landlord for breach of a covenant to repair, whereby plaintiff's water-color designs were damaged by rain, and where plaintiffs knew of the condition of the roof and left their designs in a place where they had reason to believe that the rain would beat in during a storm, they could not recover for the loss.

In *Reiner* v. *Jones* (1899), 38 App. Div. 441, 56 N. Y. Supp. 423, it was held that a landlord's breach of his covenant to repair the roof of the demised premises does not authorize the tenant to recover for injury inflicted on his goods by the weather, he knowing for months of the leaky condition of the roof.

In *Weinberg* v. *Ely* (1906), 114 App. Div. 857, 100 N. Y. Supp. 283, a lease provided that if the building should be damaged by fire repairs should be made at the landlord's expense. A fire occurred and destroyed the roof. The landlord was notified at once, but neither he nor the tenant made any repairs. Six days later, a heavy rain damaged the tenant's goods. It was held that the landlord was not liable therefor, as it was the tenant's duty to protect his goods or make repairs himself, at the landlord's expense. Other authorities to the same effect are *Klausner* v. *Herter* (1901), 36 Misc. Rep. 869, 74 N. Y. Supp. 924. *Margolius* v. *Muldberg* (1904), (Sup.) 88 N. Y. Supp. 1048. *Cantrell* v. *Fowler* (1889), 32 S. C. 589, 10 S. E. 934. *Gavan* v. *Norcross* (1903), 117 Ga. 356, 43 S. E. 771.

In this case, appellee for almost ten years was the sole occupant of the building involved, as tenant, during all of which period its goods and business as a hotel keeper were being damaged because of failure to make needed repairs which, upon the appellant's failure to make, it could have made and charged to appellant, thereby protecting itself from damage.

The court erred in each of its rulings. Had the motion to strike out the counter-claim been sustained, such ruling would of course, have precluded the filing of the demurrer and the error resulting from the ruling thereon.

Other errors are presented and discussed, but as they are subsequent to the ruling upon the motion and demurrer to the counter-claim, we do not need to consider them.

The judgment is reversed with instructions to the trial court to sustain the motion to strike out the appellee's counter-claim, and for further proceedings.