MOE ROSENTHAL and JACK ROSENTHAL, Copartners, Trading as ROSENTHAL BROS., Plaintiffs, *v.* JACOB SEVILLE and MAX JONAS, Copartners, Trading as SEVILLE & JONAS, and Another, Defendants.

City Court of New York, April, 1927.

Landlord and tenant — liability of owner for water damage — water leaked into plaintiffs' premises and damaged merchandise — evidence did not show how water reached merchandise — verdict against owner set aside and complaint dismissed in absence of proof of negligence — plaintiffs guilty of contributory negligence.

In this action by plaintiffs against their lessors and the owner of the premises occupied by plaintiffs for damages to merchandise caused by water leaking into their store through a defective skylight over an extension, a verdict against the owner must be set aside and the complaint dismissed as to it in the absence of direct evidence showing how the water reached plaintiffs' premises, particularly where it is only a matter of conjecture on plaintiffs' part that the water came through the cracks in the skylight, and the plaintiffs neither leased nor had access to said extension.

While the owner is not absolved from negligence under a clause in the lease as to damage by water, there was no negligence proven against it.

Furthermore, plaintiffs are guilty of contributory negligence as to their second cause of action, where within ten days after the damage was done to the merchandise, they placed other merchandise in the same position as were the goods when destroyed on the first occasion; it was plaintiffs' duty to protect their property.

ACTION brought by the plaintiffs against their lessors and also against the owner of the building to recover damages for injuries to their goods by rain leaking in, by reason of the negligence of the defendants, in that the defendants permitted the roof, skylight, gutters and the leader pipes of the premises to be out of repair and defective.

*Kurzman & Frank* [*J. M. Goddard* of counsel], for the plaintiffs.

*Isidor Lazarus*, for the defendant Seville & Jonas.

*Katzen, Mann, Louis & Siegel* [*Milton M. Siegel* of counsel], for the defendant Delish Co., Inc.

———————————

\* Affd., 219 App. Div. 361.— [REP.

RYAN, J. Plaintiffs' lessors leased from the defendant owner a store on the ground floor of the premises in question, which store extended beyond the rear wall of the building, making what is known as an extension, in the roof of which there were two skylights, and they in turn sublet the front easterly half of that space to the plaintiffs. The plaintiffs neither leased nor had access to said extension. The evidence shows that rain found its way into plaintiffs' portion on June fifteenth after the place had been closed for the night, and this condition was not discovered until the following morning upon opening the store, on which last named day plaintiffs went up on the extension roof and saw the glass in one of the skylights cracked. And there was some evidence also to the effect that the leader was stopped up. This condition was communicated to Seville, one of the plaintiffs' lessors. Plaintiffs further testified that on June twenty-fifth, ten days after the first wetting, a second rainstorm leaked into their premises and again damaged their goods and they again reported the matter to defendant Seville. Plaintiffs did not say in words how the rain reached their premises, except that the ceiling was dripping wet, and we must rely upon their theory that the rain leaked in through the broken skylight and thence onto their ceiling which was some distance removed therefrom. Plaintiffs further testified that after the damage to their goods on June fifteenth, they put whatever goods they had left in the store back in the places where the goods were during the first rainfall. As the case is presented, several questions arise: *First.* Was any negligence proved on the part of the defendants? *Second.* Were the plaintiffs themselves free from contributory negligence? *Third.* Was there any duty on the part of the defendant Delish Co., Inc., to repair the plaintiffs' premises and what, if any, privity of contract existed between the landlord Delish Co., Inc., and these plaintiffs? The case went to the jury and a verdict was returned in favor of the plaintiffs and against the defendant Delish Co., Inc., for the full amount demanded in the complaint and exonerating the plaintiffs' lessor, Seville & Jonas. Thereupon counsel for Delish Co., Inc., made the usual motions to set aside the verdict and to dismiss the complaint. This case seems to me to be very similar to that of *Lichtig* v. *Poundt* (23 Misc. 632) where a judgment in favor of the plaintiff was unanimously reversed by the Appellate Term on a very carefully considered opinion by the late Presiding Justice BEEKMAN. In that case plaintiffs, as in the case at bar, claimed they had neither control of nor access to the extension roof and averred that the landlord had assumed the care of it. Let me quote from that opinion: " The roof of the extension existed for no other purpose whatsoever than as an inclosure of the exten-

sion. It formed a part of the extension and was essential to its existence and use for the purpose for which it was constructed, so that in leasing it the roof in question formed as much a part of the demised premises as the side and end walls which completed the inclosure — all equally contributing to the inclosure * * *. I think, therefore, that the case comes within the rule laid down in *Schick* v. *Fleischhauer* (26 App. Div. 210)." There is no direct evidence in this case as to how the rain leaked into plaintiffs' premises. It is a matter of conjecture on their part that the water must have come in through the cracks in the skylight. Although there was some mention made of the leader being stopped up, there is no evidence to show that that condition caused the damage to plaintiffs' goods. It seems to me that the instant case is even stronger on the facts than the authority above cited, particularly as regards the defendant, Delish Co., Inc, for in the former we have a tenant suing the landlord. It must be remembered that in the lease from the landlord to plaintiffs' lessors, and also in the lease from plaintiffs' lessors to the plaintiffs, it was specifically declared in paragraph 11th of both those instruments as follows: " 11th. It is expressly agreed and understood by and between the parties to this agreement that the landlord shall not be liable for any damages or injury resulting from the carelessness, negligence or improper conduct on the part of tenants, agents or employees, or of any other tenant and shall not be liable for any damage or injury by water, which may be sustained by the said tenant, or other persons, or by reason of the breakage, leakage or obstruction of the Croton water or soil pipes, or other leakage in or about the said building." Of course it is well understood that such a clause will not absolve the defendants from negligence. From the facts as disclosed in the trial of this case I am of the opinion that no negligence has been proven as against the defendant Delish Co., Inc. And even if it were, I am not convinced that the plaintiffs were free from contributory negligence with respect to their second cause of action in deliberately and within ten days placing their other goods in the same position as were the goods when damaged on the first occasion. (See, also, *Block* v. *White Rose Baking & Restaurant Co.*, 194 N. Y. Supp. 527; and to the same effect, *Margolius* v. *Muldberg*, 88 id. 1048.) As was said by the Court of Appeals in the case of *Cook* v. *Soule* (56 N. Y. 420, 423), which was an action for rent, " a tenant whose landlord has agreed to put the premises in repair but has failed to do so, knowing that his property will be exposed to injuries from storms or otherwise endangered if left upon the premises, has no right to take the hazard; and if he does and his property is injured he cannot recover of the landlord therefor." In that case

Surrogate's Court, Genesee County, March, 1927.        [Vol. 129

the defendants, the lessees, knew of the leaky condition of the roof and, knowing this, could not recover for damages to goods left in the building and becoming wet from such defect.    Likewise it was the duty of the plaintiffs in the instant case to protect their property from such dangers.    The motion of defendant Delish Co., Inc., to set aside the verdict of the jury and for a dismissal of the complaint as against it is granted, with costs.