EMMA REINER, Respondent, *v.* ROBERT OWEN JONES, Appellant.

*Landlord and tenant — breach of a landlord's covenant to keep the roof in repair — rental damages, not damages to goods, are recoverable — amendment of an answer, setting up injury to goods, to one making a claim for loss of rental value.*

A tenant's measure of damages for a breach by his landlord of a covenant contained in the lease, to keep the roof of the demised premises in repair, is the difference between the rental value of the premises as they were and the rental value thereof as they would have been if the landlord had performed his covenant, or, if the tenant actually makes the stipulated repairs himself, the necessary expenditure made by him.

Such damages may be recovered by the tenant in an action against the landlord, or may be counterclaimed in an action brought by the landlord to recover the rent, but are not, it seems, recoverable under a counterclaim based solely upon injury to the tenant's goods.

Damages resulting to the tenant's goods in consequence of the leaky condition of the roof, which the landlord covenanted to repair, are not a proper subject of counterclaim in an action by the landlord to recover the rent, especially when it appears that the tenant continued to leave his goods exposed to possible injury from leakage after he became aware that such danger existed.

The exercise by the court of its discretion in refusing to allow the tenant, at the end of the trial, to amend his answer, in which the counterclaim is based solely upon injury to the tenant's goods, by setting up damage to the rental value of the premises, will not be disturbed upon appeal.

APPEAL by the defendant, Robert Owen Jones, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 30th day of April, 1898, upon the verdict of a jury rendered by direction of the court and upon the dismissal of his counterclaim, and also from an order entered in said clerk's office on the 28th day of April, 1898, denying the defendant's motion for a new trial made upon the minutes.

This appeal was transferred from the first department to the second department.

*John Jeroloman*, for the appellant.

*James W. Hyde*, for the respondent.

WILLARD BARTLETT, J.:

The plaintiff sued for rent. The defendant interposed a counterclaim for damages alleged to have been sustained by reason of the plaintiff's breach of her covenant to repair the roof of the demised premises. The averment in the answer was that such damages were occasioned by "the rain coming through the roof thereof into the store of the defendant in rainy weather, and upon his goods, wares and merchandise therein contained." At the close of the evidence the learned trial court, on the authority of *Schick* v. *Fleischhauer* (26 App. Div. 210), directed a verdict in favor of the plaintiff for the full amount of the rent sued for, thus in effect holding that the defendant could not maintain his counterclaim for the damages suffered by his goods in consequence of the leaky condition of the roof.

I think that the lease, under a fair construction of its language, obligated the landlord to keep the roof in repair, and that this obligation embraced the roof of the extension as well as the roof of the principal building. The proof established a breach of the covenant, and the direction of a verdict in disregard of the counterclaim evidently proceeded on the theory that a landlord's failure to perform his covenant to repair does not authorize a recovery by the tenant on account of injury inflicted upon his goods by the weather in consequence of the defective condition of the premises. The case cited as authority for the action of the trial court related to personal

injuries inflicted upon a tenant by the fall of a ceiling which the landlord had undertaken to repair, and it was there held that a contract to repair does not contemplate, as damages for the failure to keep it, that any liability for personal injuries shall grow out of the resulting condition of the building. (*Schick* v. *Fleischhauer, supra.*) The learned trial judge assumed that a like rule applied in the case of damage to personal property kept upon the premises, and there is authority to that effect. (*Dorwin* v. *Potter*, 5 Den. 306; approved in *City of Brooklyn* v. *Brooklyn City R. R. Co.*, 47 N. Y. 475, 482.)

But even if the law made the landlord ordinarily liable for injury to the tenant's personal property in such cases, the circumstances of this particular case precluded any recovery or the maintenance of a counterclaim on account of the damage done by the rain to the defendant's goods. The defendant himself testified that he knew of the condition of the leaky roof and skylight months before the time when his goods were injured. " A tenant whose landlord has agreed to put the premises in repair but has failed to do so, knowing that his property will be exposed to injuries from storms, or otherwise endangered, if left upon the premises, has no right to take the hazard, and if he does and his property is injured, he cannot recover of the landlord therefor." (*Cook* v. *Soule*, 56 N. Y. 420, 423.)

The defendant's measure of damages in a case like the present would seem to be the difference between the rental value of the premises as they were and the rental value thereof as they would have been if repaired in accordance with the landlord's covenant; or, if the tenant had actually made the stipulated repairs himself, he could recover or recoup the necessary expenditure in making such repairs. (*Thomson-Houston Electric Co.* v. *Durant Land Improvement Co.*, 144 N. Y. 34, 47, 48.) The defendant herein did prove that he had expended forty-five dollars and sixty-four cents for repairing roofs, but a portion of the work thus paid for was done upon a neighboring building not belonging to this plaintiff, and the evidence did not show how much was spent upon the roof of the plaintiff's premises. The proof was not sufficiently definite, therefore, to permit any deduction from the rent on the theory that the defendant was entitled to counterclaim the expense of repairs actu-

ally made by him. He might, however, have recouped the damage to the rental value of the premises by reason of the breach of the landlord's covenant to repair, under an answer alleging such damage. But the counterclaim set up in the answer was based solely upon injury to the defendant's goods, and the bill of particulars related only to damages of this description. Accordingly, the trial judge was of the opinion that, under the pleadings, the defendant was not at liberty to prove rental damage, and in this view the counsel for the defendant apparently acquiesced, for he took no exception. He did, however, at the end of the trial; and after he had asked the court to direct a verdict in favor of the defendant, move to be allowed to amend the answer " by setting up the damages that we have sustained by reason of the condition of those premises as to their rental value." This motion was denied, and the defendant excepted. While I think the amendment (which defendant's counsel had applied for earlier in the case, without obtaining any ruling upon his request) might well have been allowed, the denial of the motion was so far discretionary that it does not constitute ground for reversal.

From what has been said it will be perceived that, as the case stood at the close of the evidence, the court was justified in ignoring the counterclaim and directing a verdict for the month's rent claimed. The record before us, however, leaves no doubt that the only counterclaim in behalf of the defendant which was litigated in this action was a counterclaim for damage to his goods, and that the judgment should in nowise conclude him from hereafter asserting any other claim which he may have arising out of the lessened rental value of the premises, or out of his expenditures for actual repairs which the landlord ought to have made. This should be left available to him, either by way of recoupment in any further suit for rent, or by an independent action against his landlord. The defendant's rights in this respect may be preserved by affirming the present judgment without prejudice to such claim.

All concurred.

Judgment and order affirmed, with costs, but without prejudice to defendant's claim against the plaintiff for rental damage or actual and necessary expenditures for repairs.