MAX GOLDBERG, Respondent, *v.* MORRIS BESDINE, Appellant.

*Proof of the value of chattels — their cost without proof as to their condition at a subsequent time when injured is insufficient — duty of the tenant to protect his property — the landlord's obligation to repair is contractual only.*

Evidence of the first cost of articles injured or destroyed by fire after having been in use for some time, not accompanied by proof of their condition or value at the time of the fire, is not sufficient to establish their value at the time of their injury or destruction.

A tenant who, with knowledge that his personal property is exposed to the risk of injury because of the landlord's failure to repair the demised premises, leaves it in that situation, cannot recover from the landlord any damages for injuries thereby resulting to the personal property.

The obligation of a landlord to repair the demised premises is not a legal duty, but is contractual only.

APPEAL by the defendant, Morris Besdine, from a judgment of the Municipal Court of the city of New York, borough of Brooklyn, in favor of the plaintiff, entered on the 29th day of April, 1902, after a trial before the court without a jury.

*K. C. McDonald* and *Simon Berg*, for the appellant.

*Morris Dangler*, for the respondent.

HIRSCHBERG, J. :

The pleadings are oral. The plaintiff " complained of the defendant for $250 damages to personal property " and the defendant made a general denial. On the trial it appeared that the plaintiff was the occupant of the first floor of certain premises in the borough of Brooklyn as a tenant of the defendant, and that the damages claimed resulted from a fire which was kindled in the plaintiff's room by a portion of the ceiling falling upon a lighted lamp. It was raining at the time and the contention on the part of the plaintiff is that the ceiling was in a defective condition ; that the premises leaked so that the water soaked through the upper floor and so upon the ceiling of the plaintiff's room, and that the defendant was liable for the damages by reason of his negligence in failing to keep the premises in repair.

In deciding the case the magistrate wrote as follows : " I believe the ceiling fell because of the negligence of the defendant in failing to repair the building so the water could not enter. The evidence as to the value of the property is meagre, but I think is sufficient to prove damages to the extent of $75."

The evidence, in my judgment, is wholly insufficient to establish damages in the sum of seventy-five dollars. There is proof as to the first cost of the articles which the plaintiff claims were injured or destroyed, but they were all in use, and had been in use for some time, and no proof was made of their condition or value at the time of the fire. Under these circumstances, the estimate of value made by the court was necessarily conjectural, and is not based upon that

reasonably precise proof which it was within the power of the plaintiff to furnish and which the law requires.

The proof is equally unsatisfactory and inadequate upon the question of the defendant's liability. It is even unsatisfactory and inadequate upon the question of what caused the ceiling to fall. The plaintiff's children were seated at a table on which the lighted lamp was standing, and were engaged at the time in reading a book, and the statement of the only witness who was examined upon the subject is to the effect that some of the ceiling fell upon the lamp, breaking it and causing the kerosene to ignite ; but the table was not under that portion of the ceiling where the leak was, the portion of the ceiling which fell was not shown to have been affected by the water, and no circumstance, except the coincident facts of the leak somewhere and of the fall of the ceiling somewhere, appears in any way to unite the two occurrences. There was indeed some proof that some portion of the ceiling was in bad condition at the time the plaintiff hired the premises, but this had been thoroughly repaired by the landlord several days before the fire, and there was no proof tending in any way to show that the portion of the ceiling which fell was that which had been so repaired. There was no covenant on the part of the defendant, the landlord, to repair. Assuming that the water came from the premises over the plaintiff's room (which is by no means clear, inasmuch as some of the evidence indicates that it came from a broken leader through the plaintiff's window), there was no proof as to what caused it so to leak through, and, of course, no proof that it was in consequence of the landlord's negligence. The plaintiff had been in possession about two months and this leak was the first which the proof clearly establishes. The water commenced to leak about three hours before the ceiling fell, and although the landlord was promptly notified, it is not plain that there was anything he could then have done to prevent its continuance, and certainly nothing to that effect is indicated in the evidence. In any event the leaky condition of the premises must be assumed to have developed so recently as to prevent the landlord from being chargeable with negligence from lapse of time, as otherwise the plaintiff, cognizable of the condition and the consequent danger, yet leaving his property exposed to injury, would be precluded from recovering the damages. (*Reiner* v. *Jones*, 38 App. Div. 441, and cases cited.)

The case of *Blumenthal* v. *Prescott* (70 App. Div. 560) is not at all in conflict. There the work of repair was in progress, and the injury resulted from the negligent manner in which it was carried on. The court distinguished the case from the class of cases of which *Reiner* v. *Jones* (*supra*) is one, referring to them (p. 565) as "various cases where the landlord was under a covenant to repair, and it was held that where, the landlord having failed to comply with his covenant to repair, the tenant leaves his goods subject to the action of the weather, he cannot recover for the damages sustained in consequence of a storm."

The action is in tort and can be maintained only in case of neglect by the defendant of some legal duty which he owed to the plaintiff. (*Schick* v. *Fleischhauer*, 26 App. Div. 210.) No such duty exists as to the demised premises, the obligation in that respect (if any) being contractual only. (*Witty* v. *Matthews*, 52 N. Y. 512.) As to the remaining premises, the evidence, as has been shown, being wholly insufficient to establish either the existence of a legal duty or neglect to discharge it on the defendant's part, and also being insufficient to establish any necessary connection between such neglect if it existed and the injury complained of, the judgment is without support and must be reversed. (*Wynne* v. *Haight*, 27 App. Div. 7; *Golob* v. *Pasinsky*, 72 id. 176.)

The judgment should be reversed and a new trial ordered.

All concurred.

Judgment of the Municipal Court reversed and new trial ordered, costs to abide the event.