(114 App. Div. 574)

PRATT, HURST & CO., Limited, v. TAILER et al.

(Supreme Court, Appellate Division, First Department. July 12, 1906.)

1. PLEADING—DEMURRER—SEPARATE CAUSES OF ACTION.

Where defendant demurred only to plaintiff's second cause of action, the first cause of action alleged in the complaint was not affected by the issue thus raised.

2. LANDLORD AND TENANT— QUIET ENJOYMENT—BREACH—EVICTION.

In the absence of a legal eviction of a tenant by the defective condition of the premises, there could be no breach of the landlord's covenant of quiet enjoyment.

[Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Landlord and Tenant, §§ 473, 474.]

3. SAME—DEFECTIVE PREMISES—LEASE—CONSTRUCTION—NOTICE.

Where landlords permitted the roof of the leased premises to be occupied in a manner which caused holes to be made therein, and permitted a business to be carried on there from which débris accumulated and stopped the drain pipes, which caused plaintiff's goods on a lower floor to be damaged by rain water, plaintiff was not bound to give the landlord notice, in order to create a liability for the damages sustained, under a clause in the lease providing that the landlords

should not be liable for any damage caused by leakage of the roof, unless they should neglect to make necessary repairs within a reasonable time after written notice of such leakage from plaintiff.

[Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Landlord and Tenant, § 548.]

**4. SAME—NEGLIGENCE.**

A provision in a lease that the landlords should not be liable for any damage caused by leakage of the roof unless they should neglect to make necessary repairs within a reasonable time after receiving a written notice of such leakage from plaintiff was ineffective to exempt the landlords from liability from leaks occasioned by their own negligence.

Appeal from Special Term, New York County.

Action by Pratt, Hurst & Co., Limited, against Edward N. Tailer and another as trustees. From that portion of an interlocutory judgment overruling plaintiff's demurrer to defendant's second separate defense, and sustaining defendant's demurrer to plaintiff's second cause of action and dismissing the complaint, plaintiff appeals. Reversed.

See 90 N. Y. Supp. 1023.

Argued before O'BRIEN, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Arthur L. Marvin, for appellant.
Edward B. Whitney, for respondent.

HOUGHTON, J. The plaintiff is a tenant of defendants, and brings this action to recover damage to its stock of goods caused by leakage of the roof of the building occupied by it. The lease contained a provision that the defendants should keep the roof in repair, but that they should not be liable to pay "for any damage caused by leakage of the same unless they shall neglect to make the necessary repairs within a reasonable time after receiving a written notice of such leakage" from the plaintiff.

The complaint set forth two separate causes of action for the same recovery. The first cause of action is based upon the negligence of the defendants in permitting the roof to be occupied for business calculated to and which did wear the roof and make holes in it, to the knowledge of the defendants and their agents, and which necessarily scattered débris thereon, which defendants knew was likely to and which did effect a stoppage of the drainage pipe, and during a certain rainstorm caused water to stand on the roof, and leak through the holes so made upon plaintiff's goods. The second cause of action alleges the same facts, and, in addition, that defendants agreed that plaintiff should peaceably enjoy the demised premises, and violated their contract by failing to keep the roof in repair and clear of débris, by reason of which breach the damage was caused; the lease being set forth and pleaded as a part of the complaint. The defendants demurred to this second cause of action on the ground that it did not state facts sufficient to constitute a cause of action, and answered as to the first, and for a second and separate defense set forth the portion of the lease above quoted, and alleged that prior to the storm by which the damage was done they had received no written or other notice from

plaintiff of leakage of the roof, or that it was out of repair. To this second separate answer the plaintiff demurred on the ground that it was insufficient in law upon its face. The court below sustained the defendant's demurrer to the plaintiff's second cause of action, and over-ruled the plaintiff's demurrer to the defendant's second separate defense, and dismissed the plaintiff's complaint. The defendant's demurrer relating only to the plaintiff's second cause of action, the first cause of action was not affected by the issue of law thus raised. The only theory upon which the entire complaint could be dismissed would be that the defendant's second separate defense, which was held to be a good one, was a complete and unassailable defense to any action on the part of the plaintiff, either in tort or for breach of the contract of letting.

While all the allegations of negligence set forth in the first cause of action of the complaint are without objection incorporated in and made a part of the second cause of action stated therein, the plaintiff's counsel does not claim that the latter cause of action is in tort, but insists that, notwithstanding the provision in the lease with respect to notice of leakage of the roof, it states a good cause of action for breach of contract. It is quite plain that no legal eviction is pleaded, and hence there was no breach of the covenant of quiet enjoyment.

The question to be determined, therefore, is whether the defendants, when they themselves permitted the roof to be occupied in a manner likely to and which did make holes in it, and permitted a business to be carried on from which débris would be likely to accumulate and cause a stoppage of the drainage pipe, and which in fact happened, thus flooding the roof, were under the terms of the lease entitled to notice that the roof was in a leaky condition before they could be held liable for any resulting damages.

The covenant with respect to keeping the roof in repair is one of several mutual covenants contained in the lease for the care and use of the demised premises. The provision exonerating the defendants from liability for any damage caused by leakage of the roof, unless they shall neglect to make repairs within a reasonable time after receiving written notice of such defect, must be deemed to refer to defects arising from ordinary wear and action of the elements, and not from those caused by the affirmative acts of the defendants themselves, or by negligence on their part. If the defendants deliberately tore up a portion of the roof, or made holes in it, it could hardly be claimed that they would not be liable for any resulting damage until their tenants had given them notice that water leaked through. The law is not so unreasonable as to assume that the parties to the contract contemplated that a notice should be given under such circumstances. If the defendants permitted the roof to be occupied in such a way as was likely to and which did, with their knowledge, as alleged in the complaint, break it and make holes in it, the act was their own act, and the plaintiff was not obliged to give them notice of the defect which they themselves had caused. The defendants having covenanted to keep the roof in repair, it was their duty so to do, and if they failed to perform it they were responsible for the damages resulting from such failure. O'Rourke v. Feist, 42 App. Div. 136, 59 N. Y. Supp. 157. If the pro-

vision of the lease with respect to their not being liable in damages for any leakage until notice of such defect in the roof was given them by the plaintiff, with a reasonable time thereafter to make the repairs, does not apply to defects caused by their own acts (and as we construe the agreement it does not), it follows that no notice was necessary, and that the second count of plaintiff's complaint states a good cause of action for breach of contract.

The defendants' second separate answer pleads lack of notice as a defense to plaintiff's cause of action, alleging negligence. Presumably a good cause of action in tort is stated, for the defendants have answered instead of demurring. If the provision of the lease with respect to notice were as broad as defendants claim it to be, it would not apply to exempt them from liability for their own negligent acts. The general words of a contract limiting liability will not be presumed to include exemption from negligence unless so expressed in unequivocal terms. Mynard v. Syracuse, etc., R. R. Co., 71 N. Y. 180, 27 Am. Rep. 28. The negligence charged is the act of defendants themselves, and under our construction of the contract, to the effect that notice was not contemplated respecting defendants' own acts, the lack of notice of defects caused by such acts constitutes no defense.

That portion of the complaint demurred to stated a good cause of action, and the separate answer demurred to set forth no defense, and the interlocutory judgment should be reversed, with costs, and the defendants' demurrer to the second cause of action of the complaint overruled, and the demurrer of the plaintiff to the second separate defense of the answer sustained, with costs, and with leave to the defendants to withdraw their demurrer and serve an amended answer upon payment of the costs of this appeal and in the court below. All concur.