LEVY et al. v. ROOSEVELT et al.

(Supreme Court, Appellate Division, First Department.   March 5, 1909.)

1. LANDLORD AND TENANT (§ 169*)—BREACH OF CONTRACT—FAILURE TO REPAIR —SUFFICIENCY OF COMPLAINT.

A complaint alleged that plaintiffs were tenants of a portion of a building under a lease providing that defendant, the landlord, would make all repairs of the roof and repair all damage by fire; that after damage to the roof by fire, and notice thereof by plaintiffs, defendant negligently delayed repairing the roof more than a month, during which delay plaintiffs' goods were injured from water during a storm; and that plaintiffs took proper precautions to prevent their goods from being damaged. *Held* to state a cause of action for breach of the provisions of the lease, .whether a cause of action for negligence be stated or not.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 664; Dec. Dig. § 169.*]

2. LANDLORD AND TENANT (§ 166*)—LIABILITY OF LESSOR FOR BREACH OF CONTRACT—DAMAGES.

A tenant, whose goods are injured by breach of .duty by the landlord to repair the roof of the building, if not himself at fault, may recover from the landlord for such damage as results to his goods.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 649; Dec. Dig. § 166.*]

Clarke, J., dissenting.

Appeal from Special Term, New York County.

Action by Morris Levy and another against James R. Roosevelt and others.   From an order granting a motion for judgment on the pleadings, plaintiffs appeal.   Reversed.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

Myron Sulzberger, for appellants.
William D. Murray, for respondents.

HOUGHTON, J.   The plaintiffs served their complaint and the defendants their answer, and thereafter, pursuant to the permission granted by section 547 of the Code of Civil Procedure (added by Laws 1908, p. 462, c. 166), the defendants moved for judgment in their favor on the pleadings, on the ground that the complaint failed to state facts sufficient to constitute a cause of action, and such motion was granted.

The plaintiffs were tenants of the fifth floor of a business building, and the defendants were their landlords.   The plaintiffs' lease was in writing, and the complaint alleges that it provided that in case of fire the tenants should give immediate notice thereof in writing to the landlords, and if a part only of the leased premises should be damaged, the landlords should repair the same at their own expense with due and reasonable diligence, and that the lease contained a further provision that the tenants, these plaintiffs, should make all repairs at their own cost, except repairs to the roof and repairs of damage by fire, and that if any leak should occur in the roof of the building the tenants should give prompt notice in writing to the landlords,

who should thereupon cause the same to be repaired with reasonable diligence; that during the plaintiffs' tenancy, and on the 24th day of September, a fire occurred, of which the defendants were duly notified by plaintiffs, and that in consequence thereof part of said premises, and more particularly the roof, was rendered out of repair; that in violation of the duties imposed upon them by the terms of the lease, the defendants permitted the roof to remain so out of repair for an unreasonable time, and did not with due and reasonable diligence after receipt of notice from the plaintiffs repair the same; and that on the 27th day of October following there was a rainstorm, the water of which entered that part of the premises occupied by the plaintiffs through the unrepaired roof, and without any fault on their part, and solely because of the acts of the defendants in permitting the roof to remain out of repair for such unreasonable length of time, the water damaged their goods, wares, and merchandise to a stated amount. It is further stated in the complaint that the damage was caused by the carelessness and negligence of the defendants, and without any carelessness or negligence on the part of the plaintiffs.

Counsel for plaintiffs in his points does not say whether he claims his complaint is for breach of covenant or in negligence; but nevertheless we think it states a cause of action. It sets forth the contract and covenant on the part of the defendants to repair, and the performance of such conditions on the part of the plaintiffs as was necessary to put the defendants in motion after the fire. More than a month elapsed from the time of the fire to the time of the rainstorm, and such a delay might be unreasonable. Not only by words, but by fair intendment, the plaintiffs allege that they used proper precautions to prevent their goods being damaged because of the defective roof; for they say that it was without any fault on their part that damage occurred. All the allegations of the complaint with respect to negligence can be treated as surplusage, and there remains the statement of a good cause of action on contract. In principle the identical question presented was passed upon by this court in Pratt, Hurst & Co. v. Tailer, 114 App. Div. 574, 100 N. Y. Supp. 16, affirmed 186 N. Y. 417, 79 N. E. 328. In that case the complaint contained two counts. The first was for negligence, and the second repeated the allegations as to negligence, and in addition set forth the agreement of the landlord to keep the roof of the premises occupied by the tenant in repair, and its breach. The landlord demurred to the second cause of action, and the demurrer was sustained, and this court held improperly, because a good cause of action was stated on the covenant. It is true that the main question discussed was as to an affirmative plea interposed by the defendant; but there was a distinct holding, both in this court and in the Court of Appeals, that the complaint was good, as well as that the defense was bad.

Upon a breach by the landlord of a covenant in his lease, some cause of action arises in favor of the tenant, just as a cause of action arises upon the breach of any other contract. The only confusion in the authorities and text-books arises concerning the measure of damages. Ordinarily the measure of damages is the difference between the rental value of the premises with the broken covenant and

the rent agreed to be paid. This rule, however, is not arbitrary, and the tenant may be entitled to recover such damages as result as an immediate consequence of the breach, such as injury to his goods. 24 Cyc. 922; O'Rourke v. Feist, 42 App. Div. 136, 59 N. Y. Supp. 157; Rauth v. Davenport, 60 Hun, 70, 14 N. Y. Supp. 69. This latter rule of damages is particularly applicable where the tenant occupied only a part of the structure, and the injury happens from something coming to the part occupied by him from another part of the building over which he has no control, and of which the landlord retains control. The landlord retains control of the roofs of apartment houses and office buildings, and no one of the many tenants is under obligation to repair the roof, or would without express agreement be deemed to be under the obligation to do so. In the present case, although the plaintiffs were required by their lease to do certain repairs, they were expressly forbidden to repair the roof. The situation is wholly different from that where injury occurs to the tenant from a falling ceiling in his apartment. In such case the defect is within the tenant's control, and he can repair, or, if he chooses to stay without repair, he does so at his own risk. Schick v. Fleischhauer, 26 App. Div. 210, 49 N. Y. Supp. 962; Frank v. Mandel, 76 App. Div. 413, 78 N. Y. Supp. 855. Of course, where a tenant knows that a portion of the building over which he has no control and which he cannot repair, like a roof, for example, is out of repair, he cannot expose his goods to probable injury and then ask his landlord to pay the damage. The same rule applies to him that applies to every one whose contract is breached, and that is, if he can avoid damage, he must do so, and in any event must make them as small as he reasonably can. It is upon the principle that the tenant exposed his goods to injury that he was denied recovery in Cook v. Soule, 56 N. Y. 420, and Goldberg v. Besdine, 76 App. Div. 451, 78 N. Y. Supp. 776, and kindred cases.

The complaint in the present case alleges that the plaintiffs were without fault in that regard, and if they succeed in showing that they used such precautions as were proper to guard their goods from injury they will not be precluded from recovering on the ground of voluntary exposure or lack of precaution. The principle governing voluntary exposure and lack of proper precaution is the same as that controlling contributory negligence, and in the absence of contributory negligence in exposing his goods to injury the tenant may recover from the landlord in an action for negligence, where the roof over which the tenant has no control is in process of repair. Blumenthal v. Prescott, 70 App. Div. 560, 75 N. Y. Supp. 710. If the complaint be construed to be in negligence, the injury to the plaintiffs' goods having come from defects in a portion of a building over which they had no control and over which the landlords exercised exclusive control, still the complaint states a good cause of action. Levine v. Baldwin, 87 App. Div. 150, 84 N. Y. Supp. 92; Harris v. Boardman, 68 App. Div. 436, 73 N. Y. Supp. 963.

The complaint shows that plaintiffs were tenants of a portion of the building, and that injury to their goods without fault on their part came from defects in another portion of the building, over which

they had no control and over which the defendants, as landlords, exercised exclusive control; and our conclusion is that, whether the action be deemed on contract for breach of the covenant or in negligence, still it states facts sufficient to constitute a cause of action, and that the order granting judgment to defendant upon the pleadings was erroneous.

The order should be reversed, with $10 costs and disbursements, and the judgment vacated.

INGRAHAM, McLAUGHLIN, and SCOTT, JJ., concur. CLARKE, J., dissents.