BEAN v. FORD et al.

(Supreme Court, Appellate Term.   December 22, 1909.)

1. INNKEEPERS (§ 11*)—RULES OF LIABILITY—APPLICABILITY.

Where one, not a guest at a hotel, left a valise there in the custody of one having charge of the coatroom of the hotel, and obtained a receipt therefor, which expressly relieved the proprietor of the hotel from liability for damage by fire, water, theft, or other causes, the rules of liability between innkeepers and their guests did not apply in determining the liability for a loss of the valise.

[Ed. Note.—For other cases, see Innkeepers, Cent. Dig. § 19; Dec. Dig. § 11.*]

2. INNKEEPERS (§ 11*)—CONTRACTS—CONSTRUCTION.

Where a receipt delivered by the proprietor of a hotel on receiving a package for safe-keeping stipulated that the package was received as a temporary accommodation, and that the person accepting the check released the proprietor from all responsibility from damage by fire, water, theft, or other causes, the proprietor was liable for his own negligent loss of the package.

[Ed. Note.—For other cases, see Innkeepers, Cent. Dig. §§ 17–40; Dec. Dig. § 11.*]

3. CONTRACTS (§ 155*)—CONSTRUCTION.

A stipulation in an agreement written by one of the parties thereto in his own language must be construed most strongly against him.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 736; Dec. Dig. § 155.*]

4. BAILMENT (§ 31*)—GRATUITOUS BAILMENT—LOSS OF GOODS—EVIDENCE.

The failure of a gratuitous bailee receiving goods under an agreement expressly relieving him from liability for damages by fire, water, theft, or other causes to produce the goods when called for by the bailee was evidence of the bailee's negligence, and to relieve himself from liability therefor he must show the manner of the loss, or that he used due care in guarding the goods, and mere proof that he had an elaborate system for the care and safe-keeping of goods left in his charge, unaccompanied by proof that the system had been applied to the particular case, was as a matter of law insufficient to relieve him from liability.

[Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 124, 125, 131; Dec. Dig. § 31.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. BAILMENT (§ 12*)—GRATUITOUS BAILEE—LIABILITY—"NEGLIGENCE."
　　A gratuitous bailee is liable for negligence which is the failure to use the care which ordinarily prudent persons would exercise in the same relationship and under like circumstances.
　　[Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 37–41; Dec. Dig. § 12.*
　　For other definitions, see Words and Phrases, vol. 5, pp. 4743–4763; vol. 8, pp. 7729–7731.]

6. BAILMENT (§ 33*)—GRATUITOUS BAILEE—NEGLIGENCE—QUESTION OF FACT.
　　Whether a gratuitous bailee has exercised the care an ordinarily prudent person would exercise in the same relationship and under like circumstances is ordinarily a question of fact.
　　[Ed. Note.—For other cases, see Bailment, Dec. Dig. § 33.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Samuel L. Bean against Simeon Ford and another. From a judgment for defendants, rendered after a trial by the court without a jury, plaintiff appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, GOFF, and LEHMAN, JJ.

Waldo & Ball (Le Roy D. Ball, of counsel), for appellant.
John C. Gulick, for respondents.

GIEGERICH, J. In August, 1907, the plaintiff delivered two valises to the persons in charge of the check or coat room of the Grand Union Hotel, in the borough of Manhattan, New York City, of which the defendants were the proprietors. The valises contained personal property belonging to the plaintiff and of considerable value. The plaintiff was not at the time a guest of the hotel, but was about to leave the city and he explained to the clerk that he was to be gone indefinitely. The plaintiff had been a guest of the hotel before and had often left valises there to be stored. In exchange for the valises, he received checks on which the following clause was printed:

"This package is received as a temporary accommodation and the party accepting the check releases the hotel from all responsibility, from damage by fire, water, theft, or other causes."

Upon his return to the city in January, 1908, the plaintiff applied for his packages, and was taken to a storeroom in another building belonging to the proprietors of the hotel where one of the valises was found, and was delivered to the plaintiff. The other valise could not be found, and this action is brought to recover the value of the missing valise and its contents.

The defendants proved that they had a regular system of dealing with baggage left in their custody. It was customary to leave it in the check or coat room for three or four months after which it was sent to the storeroom in the basement of the hotel, and later to a storeroom in another building owned or occupied by the defendants. It was proved that the missing valise was sent from the coatroom to the room in the basement of the hotel on November 8, 1907. From that time no record of what was done with the valise was produced, and the witnesses were unable to testify from memory what disposition

had been made of that particular package. There was testimony that all the baggage in the basement storeroom was later removed to the other building, but there was a disagreement between the witnesses as to whether the removal occurred on November 9th or eight or nine days later. It was also proved by the testimony of one of the defendant's employés that, while the baggage remained in the basement of the hotel, it was not under lock and key except at night, and that numerous persons delivering goods to the hotel during the day passed through the place where it was kept. At the close of the whole case the court reserved decision, and later rendered judgment for the defendants.

As the plaintiff was not a guest of the hotel at the time when he left the valise there, the ordinary rules of liability between innkeepers and their guests have no application, and the various notices to guests posted in the hotel and introduced in evidence seem also to be quite irrelevant.

Nor do we think that the clause printed on the checks, to the effect that the bailor released the hotel from all responsibility for damage arising from specified or other causes, is important. Assuming it to have been a part of the agreement and consequently binding on the plaintiff, it was evidently a stipulation intended to protect the bailee against damage to or loss of the goods arising from causes beyond their control and not due to their own negligence. If part of the agreement at all, this stipulation was written by the defendants, and their own language must be construed most strongly against them. As they did not expressly stipulate against liability for their own negligence, they must be held liable for loss or damage chargeable to that cause. Magnin v. Dinsmore, 56 N. Y. 168, 174; Collins v. Burns, 63 N. Y. 1, 8.

The inability to produce the valise when it was called for was itself evidence of negligence on the part of the bailees (Claflin v. Meyer, 75 N. Y. 260, 31 Am. Rep. 467), and, as they failed to show the precise manner in which the loss occurred, whether by fire, by theft, or by delivery to the wrong person, and also failed to show any record of the removal of this particular package from the hotel or of its receipt at the storeroom in the other building, I do not think that they could meet the case made out by the plaintiff by proving merely that they had an elaborate and careful system for the care and safe-keeping of baggage left in their charge. Burnell v. N. Y. C. R. R. Co., 45 N. Y. 184, 189–190, 6 Am. Rep. 61. Assuming that they proved that a careful system was in operation in the hotel, which may be doubted in view of the manner in which the baggage was kept in the basement, still they failed to show that the system had been applied to the particular case, inasmuch as they had no record of what was done with the missing valise after it went to the basement storeroom.

The defendants as gratuitous bailees were, like any other bailees, liable for negligence; and negligence is the failure to use such care as the circumstances require, and it is not very material whether the degree of care which the defendants were bound to exercise be described as slight, ordinary, or great. Booth v. Litchfield, 62 Misc. Rep. 279, 282, 114 N. Y. Supp. 1009, 1010, and cases there cited, af-

firmed 118 N. Y. Supp. 1095, advance sheets of November 15, 1909. It was the care which ordinarily prudent persons would exercise in the same relationship and under the like circumstances. Whether or not such care has been exercised is ordinarily a question of fact, to be decided by the jury where there is one or by the trial judge where there is not. I should consequently be unwilling to disturb the judgment of the trial court in the present case if I thought the case made by the defendants was capable of sustaining the judgment in their favor. But the fact that the package was missing threw upon them the burden of showing either the manner of its loss or that they had used due care in guarding it (Claflin v. Meyer, supra), and I am satisfied they very clearly failed to sustain this burden.

The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.