## SAMUEL v. PRINCETON CONST. CO.

(Municipal Court of City of New York, Borough of Manhattan, Fifth District. February 4, 1916.)

1. LANDLORD AND TENANT ⬚166—LOSS OF TENANT'S GOODS—NEGLIGENCE—LIABILITY.

The lease of an apartment to plaintiff's husband provided that the landlord should not be liable for any loss of the property of the tenant, his family, etc., however arising, and whether contained in the apartment, the storeroom, or any place appurtenant to the building. Plaintiff placed her trunk in the storeroom with the landlord's consent, and he failed to return it, and gave no explanation of its loss, except to show that the storeroom was usually kept locked, and that the superintendent of the house had the key. *Held*, that the negligence of defendant was not within such provision, and plaintiff might recover the value of the property.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 647–655, 657–660; Dec. Dig. ⬚166.]

2. LANDLORD AND TENANT ⬚169—ACTION FOR LOSS OF GOODS—COMPLAINT—"STOLEN."

An allegation of the complaint that the trunk was stolen was not an allegation of some misfortune or accident not the fault of the bailee, and was not sufficient proof of such loss by theft as might exonerate the landlord, as the word "stolen" meant nothing, except to connote the fact that somebody was was not entitled to the trunk took it.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 644–646, 664–667, 681–684; Dec. Dig. ⬚169.

For other definitions, see Words and Phrases, First and Second Series, Steal.]

Action by Florence Samuel against the Princeton Construction Company. Judgment for plaintiff.

Clause 14 of the lease was as follows:

"(14) The landlord shall in no event be liable for any loss of or damage to the property of the tenant, family, servants, or guests, howsoever such damage or loss may arise, and whether such property be contained in the demised premises, in the storage room, or in other portion of said building, or any place appurtenant thereto."

Katz & Sommerich and Harold Herts, all of New York City, for plaintiff.

Lese & Connolly, of New York City, for defendant.

COLEMAN, J. [1] It seems to me that the liability of the defendant is to be measured by the terms of the lease. The use of the store room was "appurtenant" to the occupation of the apartment demised, and the trunk in question was placed in the storeroom, not by virtue of any separate and independent agreement between this plaintiff and this defendant, but because of the permission granted to the tenant to make reasonable use of the storeroom for the surplus household effects of himself and his family. But section 14 of the lease does not seem to me to exclude liability arising from defendant's negligence. Magnin v. Dinsmore, 53 N. Y. 652. In Bean v. Ford, 65 Misc. Rep. 481,

119 N. Y. Supp. 1074, the same rule was applied to bailees other than railroads, and in Pratt v. Tailer, 114 App. Div. 574, 100 N. Y. Supp. 16, to landlords. So that this plaintiff, standing exactly in the shoes of the tenant, may recover if the trunk were lost by defendant's negligence.

[2] Defendant gives no explanation of the loss of the trunk, except to show that the storeroom in question was usually kept locked, and that the superintendent of the house had the key. This, of course, proves nothing. The mere fact that the plaintiff in her complaint alleges that the trunk was "stolen," and that the attorney's letter makes the same statement, is not sufficient proof of such loss by theft as would exonerate the defendant. In the first place, the word "stolen" means nothing, except to connote the fact that somebody who was not entitled to the trunk took it. That, of course, is true, or this suit would not have been brought. The use of such word is not an allegation of "some misfortune or accident not the fault of the bailee," which it was held in Stewart v. Stone, 127 N. Y. at page 506, 28 N. E. 595, 14 L. R. A. 215, shifts the burden of proof to the bailor. In the second place plaintiff did not predicate her action upon any specific act of defendant which she claimed was negligent. Her case was complete when she proved delivery to the bailee and failure to return, for "the law required the defendant to return all the property intact, or to explain its loss in some satisfactory way." Hasbrouck v. N. Y. Central, 202 N. Y. at page 374, 95 N. E. 808, 35 L. R. A. (N. S.) 537, Ann. Cas. 1912D, 1150. It does not sustain that burden by pointing to a totally superfluous allegation, based obviously on hearsay, to the effect that plaintiff had said that the trunk was stolen. In Claflin v. Myers, 75 N. Y. 260, 31 Am. Rep. 467, there was proof adduced upon the trial of a burglary. In Stewart v. Stone, supra, the evidence showed that the bailed property had actually been destroyed by fire. Had there been any such independent proof in this case, either of burglary or theft, a different question would have arisen. As there was none, the negligence of defendant is established prima facie.

Judgment for plaintiff for loss, as follows:

| | |
|---|---:|
| Furniture covers | $ 90 00 |
| Riding skirt | 3 00 |
| Trunk | 10 00 |
| | $103 00 |