ABRAHAM KUPERSCHMID, Respondent, v. TILLIE TAUSZIG, Appellant.

Supreme Court, Appellate Term, First Department, February 27, 1925.

Landlord and tenant — action against landlord for damages suffered by flow of water from roof of building — action for negligence properly brought in absence of agreement by landlord to make repairs — landlord did not surrender control of roof of premises — landlord negligent — plaintiff cannot be charged with contributory negligence.

Plaintiff's action for negligence against the defendant landlord for damages suffered by reason of a leaky roof was properly brought, in the absence of any agreement on the part of the landlord to make repairs, and it is held that the landlord did not surrender control of any part of the roof of the building leased to the plaintiff; that the landlord had ample notice of the condition of the roof and was negligent; and that the plaintiff cannot be charged with any act of omission constituting contributory negligence.

GUY, J., dissents, with opinion.

APPEAL by defendant from a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Second District, in favor of the plaintiff, entered upon the verdict of a jury.

*Jenks & Rogers* [*Gustavus A. Rogers* of counsel], for the appellant.

*Lippman & Sachs* [*Nathan I. Sachs* of counsel], for the respondent.

PER CURIAM:

We are of the opinion (1) that the defendant did not surrender control of any part of the roof of the building; (2) that no matter which of the several possible findings of fact be adopted as to how the leak occurred, the defendant was shown to have been at fault in failing properly to guard against the leak that occurred, after ample notice; (3) that the plaintiff is not to be charged with any act of omission constituting contributory negligence. The action was properly brought for negligence, there having been no agreement by the defendant, landlord, to repair. (*Loucks* v. *Dolan*, 211 N. Y. 237.) We do not feel called upon to express any general opinion as to when a lessee of premises is required, in order to avoid giving grounds for the charge of contributory negligence, to give up the use of any part of the demised premises for which he is paying rent, or to take affirmative steps to protect his property against defects attributable to the landlord. Confining ourselves strictly to the facts of this case, we are of the opinion that the plaintiff did not fail in his duty in any respect.

Judgment affirmed, with twenty-five dollars costs.

BIJUR and MULLAN, JJ., concur; GUY, J., dissents with opinion.

GUY, J. (dissenting):

The indorsement on the summons states: " The nature and substance of the cause of action herein is for negligence. The defendant is the owner of premises 278E Houston St., N. Y. C., and negligently maintained a roof so that water flowed into the portion of the premises occupied by the plaintiff, a tenant thereof, and damaged sugar in the premises to the extent of $600.60. The damages were sustained on August 19, 1922."

There is no allegation of a breach of contract between plaintiff, tenant, and defendant, landlord, and an examination of the lease, which was introduced in evidence, shows clearly that plaintiff had no cause of action on contract. The lease specifically provides:

" *Second.* That the tenants shall take good care of the premises, make all inside repairs at their own cost and expense, and at the end or other expiration of the term, shall deliver up the demised premises in good order and condition, damages by the elements excepted."

" *Twelfth.* That it is expressly agreed and understood by and between the parties to this agreement that the landlord shall not be liable for any damage or injury by water which may be sustained

by the said tenants or other persons   *   *   *   or other leakage in or about the said building."

No obligation on the part of the landlord arose, therefore, out of the contract between the parties. The only obligation that could arise under the allegations of the complaint would be by reason of the exercise by the landlord of dominion and control over the roof of the main building or by reason of the landlord having assumed to make repairs to the extension roof and having failed so to do. There is no proof that the landlord exercised any dominion or control whatever over the extension occupied by the plaintiff, tenant, who occupied the basement of the main building and also an extension built for him by the defendant, landlord, extending for the entire width of the main building 112 feet in the rear of said premises. The uncontradicted proof is that the plaintiff was the sole occupant of said extension and exercised entire dominion over it, including the roof, and was under obligation to keep the same in good repair. (See *Lichtig* v. *Poundt*, 23 Misc. 632; *Levy* v. *Roosevelt*, 131 App. Div. 8; *Volga Realty Corp.* v. *Holt Co.*, 104 Misc. 581.) There is no proof in this case that the landlord undertook to make any repairs except as to the skylight on the roof of the extension, and then in very indefinite terms, and failed to make such repairs, but the proof establishes that the continuing defective condition of the skylight of the extension had nothing whatever to do with the leakage on the evening of August 19, 1922, which damaged plaintiff's goods.

The plaintiff has failed to make out a cause of action in negligence. The defendant, landlord, having assumed control, for the benefit of all the tenants, of the roof of the main building, would be liable in negligence for damages resulting from defects in said roof, of which he had due notice, and, after such notice, failed to remedy or repair. But there is no proof whatever of a defective condition of the roof of the main building, as alleged in the complaint, prior to August 19, 1922, the date of the damage to plaintiff's goods. Plaintiff testified that he first became aware of a defective condition of the roof of the main building on the morning of Sunday, August twenty-first, when he stood on the roof of the extension and noticed parts of the gutter of the main roof hanging down, corresponding in appearance exactly to the part of the ceiling in his basement premises which was hanging down and leaking after the night of August 19, 1922, but which had shown no such defect prior thereto. There is no proof whatever of any notice by plaintiff to defendant of a defective condition of the main roof prior to said date which might have placed upon the defendant the duty of repairing said defect. There is convincing proof in plaintiff's own testimony

that by his own negligence he contributed to the injury to his merchandise, consisting of bags of sugar, by failing to adopt on the evening of August nineteenth reasonable measures to safeguard the same, which he had previously adopted whenever it rained during the nine months preceding August 19, 1922, by covering the goods with a rubber blanket. Plaintiff testified that knowing the conditions which existed, having stated to the landlord that in time of rain he had protected his goods by a rubber blanket, but that he believed it might rain sometime when he was not there and this sugar would be damaged, he continued to keep his merchandise in the same place, immediately under the point of leakage during the nine months preceding August 19, 1922, which was also the point of leakage on August 19, 1922; that on the afternoon of that date he went home, leaving his goods entirely unprotected even by the use of a rubber blanket, which he had found to be a sufficient protection theretofore; that he learned between eight and nine o'clock in the evening of the same day that it was raining and that it rained all night, and notwithstanding this knowledge he made no effort whatever to protect his merchandise or to lessen the amount of damage until the following Sunday morning, a period of thirty-six hours from the time of leaving his store, when he went to the premises and found his stock of sugar entirely destroyed.

Defendant introduced no proof.

Plaintiff having failed to prove any cause of action against the defendant for negligence, as alleged in the complaint, and having, on the contrary, clearly established his own contributory negligence (See *Lichtig* v. *Poundt, supra; Schick* v. *Fleischhauer,* 26 App. Div. 210; *Reiner* v. *Jones,* 38 id. 441–443; *Cook* v. *Soule,* 56 N. Y. 420, 423; *Levy* v. *Roosevelt,* 131 App. Div. 8, 11, 12; *Block* v. *White Rose Baking & Restaurant Co.,* 194 N. Y. Supp. 527; *Krohnberg* v. *Luckas,* 174 id. 676), the judgment should be reversed and the complaint dismissed, with costs.