Edgar J. Nathan, Jr., J.
This motion by plaintiff tenant for summary judgment in an action against the owner of the premises f'or property damage allegedly resulting from water leakage. It has been established that the damage was caused by a blockage of the drain on the roof which resulted from the •collection of waste material discharged from hoppers maintained on the roof by another tenant. It appears that the water, accumulated because of the blocked drain, seeped down from the roof to a floor occupied by the defendant and from there to plaintiff’s floor. It has also been established that defendant had actual knowledge of this situation for about two weeks prior to the incident herein alleged and had written letters to the tenant responsible requesting them to take steps necessary to remove the cause of the condition. It also appears that landlord frequently over a considerable period of time had advised the tenant owning the hopper that escaping material fell on the roof and blocked the drain. It is settled law that defendant having retained control of the roof had the duty to maintain it in a reasonably safe condition (Loucks v. Dolan, 211 N. Y. 237). *331 Therefore, absent any showing of contributory negligence, no matter how the blockage occurred, an owner of premises who fails to repair after ample notice of a defect must be held to be negligent (Kuperschmid v. Tauszig, 124 Misc. 548). Defendant here does not deny knowledge of the defective situation. It merely contends that by notifying the offender it did all that was necessary under the circumstances. This as a matter of law was insufficient. The owner had the primary responsibility to repair. That defendant might have a claim over against the other tenant and is intending to avail itself of the remedy of impleader is insufficient to defeat summary judgment. Defendant’s opposing affidavits in attempting to raise issues of fact make irrelevant denials as to certain contentions of the plaintiff, but fail to controvert in any way the material facts which are the essence of liability. Nor does it assert any claim of contributory negligence on the part of the plaintiff.
Motion for summary judgment is granted. Settle order providing for a hearing on assessment of damages.